**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JASON EVANS, | ) |
|     PLAINTIFF, | ) |
| VS. | ) CASE NO.: CIV-15-1032-M |
| LOCKE SUPPLY COMPANY | ) |
|     DEFENDANT. | ) |

**PETITION**

**COMES NOW** the Plaintiff, Jason Evans, and for his claims of discrimination by the Defendant, Locke Supply Company, and states as follows:

**PARTIES**

1. Jason Evans is a resident and citizen of Oklahoma County, Oklahoma.

2. Defendant, Locke Supply Company, is a for-profit business corporation with their corporate office located in Oklahoma City and doing business at 166 branches in Oklahoma and 4 other states.

**JURISDICTION**

3. This Court has jurisdiction as the Plaintiff's claim is in accord with 42 USC 1983, Rule 8(a) F.R.C.P. and 28 USC 1331.

**VENUE**

4. All acts alleged herein occurred in or around Kay County, Oklahoma in the U.S. District Court for the Western District. Therefore, venue is proper before this Court.

## FACTUAL BACKGROUND

5.     The Plaintiff, Jason Evans, began employment with the Defendant, Locke Supply, on or about June 8, 1995.

6.     Plaintiff worked as an employee in Defendant's warehouse under the supervision of Richard Adams.

7.     Mr. Evans has been diagnosed and has suffered from Crohn's Disease for over 15 years. Mr. Evans also suffers from severe Irritable Bowels Syndrome (IBS), anxiety, and depression.

8.     Due to the severity of the symptoms of Mr. Evans's Crohn's Disease, it is necessary for him to have close access to a restroom. Mr. Evans received a handicap placard upon the recommendation of a doctor to help accommodate his condition.

9.     Mr. Evans notified the warehouse coordinator, Trisha Fennel, that he needed an available parking spot, preferably a recognized handicap parking spot, close to the warehouse entrance.

10.    Mr. Evans's first request in April 2014 was denied. He further asked to be granted access to a parking spot within the first three rows closest to the building in November 2014, and he was again denied the reasonable accommodation.

11.    Mr. Evans asked repeatedly for the reasonable accommodation of a parking spot closer to the entrance of the building or to use one of the handicap parking spaces Locke Supply already had in their parking lot. Various supervisors, including Trisha Finnel, Richard Adams, and Mira McCurley knew of Mr. Evans's request but never made the accommodation.

12. Not only did Locke Supply not grant Mr. Evans a parking spot closer to the building and, therefore, closer to a restroom, an email was sent to all warehouse employees stating that these employees must park in the back three rows in the parking lot. The email further stated that if the warehouse employees, including Mr. Evans, did not comply, then Locke Supply was not the company for them.

13. After never receiving a parking spot closer to the building, Mr. Evans was retaliated against by co-workers and supervisors of Locke Supply in the form of inappropriate and derogatory comments regarding Mr. Evans's condition.

14. On multiple occasions after asking for a reasonable accommodation for his Crohn's Disease, Mr. Evans was the target of cruel and unprofessional jokes.

15. Due to Locke Supply's refusal to accommodate his disability and the hostile work environment created by the constant cruelty of his coworkers, Mr. Evans was forced to resign from his position at Locke Supply on December 31, 2014.

16. The Equal Employment Opportunity Commission gave the Plaintiff permission to sue the Defendant on July 8, 2015.

## **FIRST CAUSE OF ACTION**

**COMES NOW** the Plaintiff's first cause of action against the Defendant and states as follows:

17. Defendant violated the Americans with Disabilities Act of 1990 (the "ADA") by refusing to make a reasonable accommodation for Plaintiff.

18. Defendant allowed Plaintiff to be mocked and harassed about his disability after Plaintiff requested reasonable accommodations under the ADA, therefore, acting in retaliation against Plaintiff and violating the ADA.

## DAMAGES

19. As a direct and proximate result of the Defendant's conduct as described herein, the Plaintiff has and will suffer lost wages and lost earning capacity.

20. The conduct of the Defendant was willful and intentional and with a reckless disregard for the Plaintiff and those similarly situated to the extent that malice may be implied and punitive damages assessed.

## CLAIMS FOR RELIEF

**WHEREFORE**, the Plaintiff demands judgment for the violation of his civil rights against the Defendant for any damages according to Chapter 8 of the ADA including: damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation, any actual monetary losses, any appropriate equitable relief, any and all reasonable attorney's fees, expert fees and other costs deemed to be just fair and appropriate.

**WHEREFORE**, Jason Evans, prays for judgment in an amount to be determined pursuant to 28 U.S.C. § 1332, together with punitive damages, interest, attorney's fees, and costs of this action, and other relief deemed just and equitable by this Honorable Court.

**ATTORNEY LIEN CLAIMED**

       Respectfully Submitted,

**/s/ Gaylon C. Hayes**
GAYLON C. HAYES, ESQ., OBA 14492
Hayes Legal Group, PC
6805 S. Western Avenue, Suite 500
Oklahoma City, OK 73139-1708
405-616-5045   Fax:  405-616-5062
gaylon@hhhlawfirm.com
brooke@hhhlawfirm.com
*Attorney for Plaintiff/Relator*